**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3414-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOEL GARCIA-RAMIREZ,
a/k/a JOEL GARCIA,

    Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided August 24, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-11-1582.

Joseph E. Krakora, Public Defender, attorney for appellant (James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Janine N. DeLucia, Legal Assistant, on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized in a warrantless search, defendant Joel Garcia-Ramirez pleaded guilty to a second-degree certain persons offense, N.J.S.A. 2C:39-7(b)(1), in accord with a negotiated agreement and was sentenced to five years in State prison with a five-year parole disqualifier. He appeals the denial of his motion, raising only one issue:

> POINT I
>
> THE VAGUE DESCRIPTION OF THE MAN WITH THE GUN DID NOT GIVE THE OFFICER REASONABLE SUSPICION TO STOP DEFENDANT, ESPECIALLY CONSIDERING THAT THE OFFICER HAD PREVIOUSLY STOPPED TWO INNOCENT MEN BASED UPON THE EXACT SAME DESCRIPTION.

Because the State's evidence supports the trial judge's factual findings, and there was no error in her application of the law to those facts, we affirm.

The only witness to testify at the suppression hearing was Long Branch Police Department patrolman Christopher Gant, an eighteen-year veteran of the force. He testified he was on patrol, in uniform, in a marked police car shortly after 1:30 a.m. on July 30, 2017, when he received a radio call from Officer Corcoran. Corcoran had been flagged down in front of a bar on

2

Brighton Avenue about a man in the bar with a handgun. Several witnesses reported the man, an Hispanic male, about mid-twenties, wearing a black t-shirt and blue jeans, had been showing off a gun in his waistband before being escorted out of the bar.

Gant testified he was about a mile away from the bar when he got the call. He drove towards the bar down various side streets searching for the suspect. When Corcoran radioed that one of the witnesses identified the suspect as defendant Joel Garcia-Ramirez, Gant looked him up on his patrol car's computer. The computer provided both a picture of defendant and a nearby address. Gant drove to the address, stopping two Hispanic men in their mid-twenties in blue jeans on the way. Explaining he was stopping "anybody that matched somewhat the description," Gant obtained identification from the men, and let them go on their way after ascertaining they were not defendant.

About a half-an-hour after receiving Corcoran's first radio call, Gant saw a man emerge from an alley, about a block or so away from the bar, in blue jeans and a black t-shirt. Believing he matched the description of the suspect and the photograph of defendant from his computer, Gant pulled his patrol car into a parking lot to get a better look at the man. Gant testified when the man

3

saw the police car, he "immediately made a 180 and started walking in the other direction."

Gant got out of his car with his service weapon drawn, but at his side, and called defendant by name, saying "Joel, stop. Police." A foot chase ensued, and Gant saw defendant toss away the gun before stopping and submitting to arrest. Officer Gant recovered the handgun from the alley. On cross-examination, Gant admitted he had not mentioned stopping the other two men before arresting defendant or looking up defendant's name in his car's computer in the police report he prepared the night of the arrest.

Having heard the testimony, Judge Torregrossa-O'Connor denied defendant's motion to suppress the gun, rejecting defendant's argument that Gant lacked reasonable articulable suspicion to stop defendant based on the vague description he received from Corcoran over the radio. After reviewing the evidence adduced at the hearing, the judge made detailed credibility findings, concluding Gant testified in a "very straightforward and responsive" manner, "freely admitted things . . . he could not recall" or things he failed to "include in his report." The judge found Gant "did not hesitate in his responses" and "appeared to be testifying honestly and responsively." In short, the judge found the officer a trustworthy and credible witness.

4

After a thorough review of the Fourth Amendment cases governing this stop, the judge found Officer Gant had "reasonable and articulable suspicion that the defendant may have engaged in criminal activity and was in fact the person . . . he was looking for." Cataloging the totality of the circumstances the officer confronted, the judge emphasized that defendant matched the description provided by "named witnesses," not anonymous tipsters, one of whom knew defendant and could identify him by name, which allowed Gant to view a photograph of defendant and learn his address. Within half-an-hour of witnesses flagging Corcoran down to report a man with a gun, "the officer located the person" he believed to be the man in the photo, "dressed as the witnesses described" and matching their description of an Hispanic male in his mid-twenties.

The judge rejected defendant's reliance on State v. Tucker, 136 N.J. 158 (1994), where the Supreme Court held flight alone, with no other articulable suspicion of criminal activity, will not justify a Terry[1] stop, because the State was not trying "to use the flight to establish a reasonable suspicion." The judge found the officer already had reasonable suspicion when he approached defendant, making the case more analogous to State v. Citarella, 154 N.J. 272,

---

[1]  Terry v. Ohio, 392 U.S. 1 (1968).

281 (1998), where Justice Handler wrote that "flight adds weight to the already existing reasonable articulable suspicion that is the measure of constitutional reasonableness of an ensuing search and seizure," and State v. Dunbar, 434 N.J. Super. 522, 528 (App. Div. 2014), where we upheld the denial of a suppression motion when the "defendant discarded the contraband, not as he was being physically restrained, but as he ignored the police directive to stop and was attempting to flee." The judge denied defendant's motion for reconsideration.

On appeal, defendant focuses on the two men Gant stopped before he encountered defendant. Defendant argues the "vague description" Gant was provided was obviously insufficient to identify any particular suspect, evidenced by the officer having stopped two other Hispanic men before he encountered defendant. He contends Gant engaged in flagrant misconduct by "stopping anybody that matched somewhat the description."

Our standard of review on a motion to suppress is limited. State v. Gamble, 218 N.J. 412, 424-25 (2014). We "give deference to those findings of the trial judge which are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Johnson, 42 N.J. 146, 161 (1964). If our review

satisfies us the trial court's factual findings could reasonably have been reached on sufficient, credible evidence present in the record, those findings are binding on appeal. Gamble, 218 N.J. at 424. Our review of the trial court's application of the law to the facts, of course, is plenary. State v. Hubbard, 222 N.J. 249, 263 (2015).

We reject defendant's argument as without support in the record. Judge Torregrossa-O'Connor heard the testimony and obviously concluded Gant's questioning of two other men, who also generally matched the description of the suspect and were in close proximity to the initial report of a man with a gun, did not taint Gant's lawful stop of defendant. The dispatched description of the suspect would certainly have been enough to permit the officers to approach the two men to ask them some questions, because a field inquiry of that sort requires no suspicion at all. See State v. Rosario, 229 N.J. 263, 272-73 (2017).

Having reviewed the motion transcripts and the current law governing investigative detentions, see State v. Nyema, 249 N.J. 509 (2022), defendant has given us no cause to disturb the judge's factual findings or legal conclusions here. Accordingly, we affirm Judge Torregrossa-O'Connor's denial of defendant's motion to suppress substantially for the reasons stated in

her carefully reasoned opinions from the bench on June 4 and October 15, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3414-19